**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ADDICTION & DETOXIFICATION
INSTITUTE, LLC,
       Plaintiff/Counter-Defendant,

                                        Case No. 13-cv-11754
v.                                    Honorable Denise Page Hood

RAPID DRUG DETOX CENTER,
       Defendant/Counter-Plaintiff,

_____/

**ORDER DENYING DEFENDANT/COUNTER-PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT, ORDER SETTING ASIDE
DEFAULT JUDGMENT, AND NOTICE OF HEARING**

       This matter comes before the Court on Defendant/Counter-Plaintiff Rapid Drug Detox Center's (RDDC) Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55. RDDC requests that the Court find that Rapid Drug Detox Marketing, LLC has not infringed on certain patents and that these patents are invalid. RDDC further requests an award of costs and fees. For the reasons stated below, RDDC's Motion for Entry of Default is denied.  The Court further orders that the default judgment against A&D is set aside.

       On November 9, 2011, Plaintiff/Counter-Defendant Addiction & Detoxification, LLC (A&D) filed this action in the Northern District of Illinois based on an alleged patent infringement. On March 8, 2012, RDDC filed a motion to transfer

to the Eastern District of Michigan and an Answer and Counterclaim. On March 14, 2012, the Honorable Sharon Johnson Coleman of the Northern District of Illinois stayed the case, including all responsive pleadings. On March 11, 2013, Judge Coleman granted RDDC's motion to transfer. The case was transferred to the Eastern District of Michigan on April 18, 2013.

RDDC filed a Request for Entry of Default on May 14, 2013. The Clerk entered a default as to A&D on May 20, 2013. RDDC filed a Motion for an Extension on July 2, 2013 and Answer to RDDC's Counterclaim on July 3, 2013. Counsel for A&D indicates that it has attempted unsuccessfully to contact RDDC counsel about an extension so that A&D could obtain local counsel pursuant to Eastern District of Michigan Local Rule 83(f). A&D further explains that it did not receive a copy of RDDC's motion for default or answer until May 29, 2013 by mail.

There must first be an entry of default pursuant to Federal Rule of Civil Procedure 55(a) before a party may obtain a default judgment. *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party must then apply to the Court for entry of the default judgment. Fed. R. Civ. P. 55(b)(2). "If the party against

whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." *Id.* The Court may conduct an accounting, determine amount of damages, establish the truth of any allegations by evidence, or investigate any other matter. *Id.*

The Court is not satisfied that A&D had proper notice of the entry of default. It indicates that it only received notice of the default after RDDC requested entry of default and the Clerk entered default against A&D. Default judgment is inappropriate under these circumstances. Therefore,

IT IS ORDERED that Defendant/Counter-Plaintiff's Motion for Entry of Default Judgment [Docket No. 10, filed May 20, 2013] is DENIED.

IT IS FURTHER ORDERED that the Clerk's Entry of Default as to Addiction & Detoxification Institute, LLC [Docket No. 9, filed May 20, 2013] is SET ASIDE.

IT IS FURTHER ORDERED that Plaintiff/Counter-Defendant's Motion for Extension of Time to Respond [Docket No. 14, filed July 2, 2013] is DEEMED MOOT.

IT IS FURTHER ORDERED that the parties are to appear for a scheduling

3

conference pursuant to Federal Rule of Civil Procedure 16 on Monday, August 5, 2013 at 2:15 p.m.

       IT IS SO ORDERED.


                        S/Denise Page Hood
                        Denise Page Hood
                        United States District Judge

Dated: July 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 22, 2013, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager